UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JOSHUA RYDER,<br><br>            Plaintiff,<br><br>  -against-<br><br>COLUMBIA COUNTY DISTRICT ATTORNEY PAUL CZAJKA; THE OFFICE OF THE DISTRICT ATTORNEY OF COLUMBIA COUNTY; HUDSON POLICE DETECTIVE SERGEANT JASON C. FINN; NEW YORK STATE POLICE INVESTIGATOR MICHAEL J. BURNS; NEW YORK STATE TROOPER BRENNAN KEELER; SENIOR INVESTIGATOR DAVID JIMENEZ; NEW YORK STATE POLICE INVESTIGATOR SEAN TASHJIAN; JOHN DOE ##1-10,<br>            Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>DOCKET #  1:23-cv-01102 (GTS/ATB)<br><br>ECF CASE |

------------------------------------------------------------------------ x

## "MEN OUTTA BUSINESS"

1. The City of Hudson Police Department (HPD) initiated an operation against certain residents of Columbia County dubbed "Men Outta Business". The name is in response to the Department's allegation that a gang operates in Hudson and surrounding areas called "Men Of Business."

2. The operation, in an apparent response to alleged shooting incidents and narcotics dealing, has succeeded in creating more victims among the people of the City of Hudson and Columbia County. As for crime fighting, it is a failure.

3. One of the victims is the Plaintiff, Joshua Ryder. Mr. Ryder was a respected and decorated welfare fraud investigator for Columbia County. He has saved the county millions of dollars due to his effort identifying and exposing fraud in the system. But the New York State Police, the Hudson Police Department and the Columbia County District Attorney put an end to

that career. Another victim of Operation Men Outta Business.

4. Without probable cause or any reasonable suspicion, Mr. Ryder was arrested and charged with the Criminal Sale of a Firearm, a felony, and a misdemeanor conspiracy charge. The State Police saw fit to publish the crime to the local police blotter.[1]

5. For more than one year, he had the charges dangling over him, threatening his future and the well-being of his family. During that time, the District Attorney's Office of Columbia County illegally divulged the contents of Mr. Ryder's personal, private communications to his employer that were procured, purportedly, pursuant to an eavesdropping warrant. Columbia County illegally used the communications to coerce Mr. Ryder into resigning his position.

6. Mr. Ryder's attorney filed a Motion to Dismiss the charges against him. The District Attorney's Office responded by stating it had "no good faith defense" to the motion, and the case was dismissed. But Mr. Ryder did not get his job back, or his reputation. Another victim of law enforcement's Operation Men Outta Business.

## PRELIMINARY STATEMENT

7. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988, 18 USC § 2520, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

8. The claim arises from a course of conduct that begun September 7, 2021, when he was arrested and ended on November 18, 2022, when his employment was officially terminated. Defendants, acting under color of state law, intentionally and willfully subjected Plaintiff to, among other things, false arrest, false imprisonment, malicious prosecution, violation of his privacy rights by the disclosure and use of eavesdropped communications.

---

[1] The State Police nor any other law enforcement agency saw fit to have the local newspaper publish that the charges against him were dismissed.

9. Plaintiff seeks monetary damages (special, compensatory, statutory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

10. This action is brought pursuant to 28 USC §1331, 42 USC §1983, 18 USC § 2520 and the Fourth and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction is asserted.

11. Venue is laid within the United States District Court for the Northern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Northern District of New York.

## PARTIES

12. Plaintiff Joshua Ryder is a citizen of the United States and at all times here relevant residing in the City of Hudson, County of Columbia in the State of New York. He was employed at all times here relevant by the County of Columbia.

13. Paul Czajka was at all times here relevant the District Attorney for Columbia County. Czajka was a participant in the "Men Outta Business" investigation according to a press release issued by Chief Edward Moore of the Hudson Police Department. He is sued in his individual and official capacities.

14. Detective Jason Finn was at all times here relevant an employee of Hudson Police Department ("HPD"). He is sued in his individual and official capacities.

15. Investigators Michael Burns, Sean Tashjian, Brennan Keeler and David Jimenez were at all times here relevant employees of the New York State Police ("NYSP"). They are sued in their individual capacity.

16. The Office of the District Attorney of Columbia County is authorized and empowered under the laws of the State of New York, County Law §700 *et seq.* It is a "governmental entity" under 18 USC § 2520 and as such, it is liable for damages under said statute.

17. The County of Columbia is a municipal corporation organized under the laws of the State of New York. It is a "governmental entity" under 18 USC § 2520 and as such, it is liable for damages under said statute.

18. All John Doe Defendants were at all times here relevant employees of their respective agencies and are sued in their individual and official capacities except for John Doe New York State Police employees who are sued only in their individual capacities.

**19.** At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Hudson, County of Columbia, and the State of New York.

## FACTUAL ALLEGATIONS

20. On September 7, 2021, Plaintiff Joshua Ryder was busy working at his office when Defendant Detective Finn came to his office. He demanded that he go to the Hudson Police station to be questioned.

21. Later that same day Mr. Ryder went to the police station. He was taken to a room where Defendants Finn, Burns and Tashjian were located, and they began to question him about people and incidents that occurred in connection with their Men Outta Business investigation.

22. Mr. Ryder had no information to offer.

23. The officers then asked Mr. Ryder about text messages between himself and Khalid Lord. Upon information and belief, communications between Mr. Ryder and Mr. Lord were intercepted by law enforcement in connection with Operation Men Outta Business.

24. About one month before this questioning, Mr. Lord was arrested and charged with criminal distribution of narcotics. Notably, the charges against Mr. Lord were also dismissed upon motion by his lawyer. Columbia County District Attorney Paul Czajka wrote in responding papers "The People respectfully concede that there is no good faith defense to this motion." Khalid Lord is another Hudson citizen victimized by HPD's Operation Men Outta Business.

25. On May 13, 2022, District Attorney Czajka sent Mr. Ryder a notice stating that his communications were intercepted pursuant to a warrant between June 3 and August 9, 2021. The law requires that the notice be served on Mr. Ryder within 90 days of the warrant ending, or in this case November 7, 2021. District Attorney Czajka did not see fit to follow the timeline demanded by law and waited 9 months – a violation of Mr. Ryder's right to timely notice of the eavesdropping warrant.

26. When Mr. Ryder had no information to offer to the Defendants at the September 7, meeting, they foreshadowed what was about to come. They threatened his job, stating in sum and substance that DA Czajka was waiting to hear whether or not he was cooperating and if he was not, he would lose his job and that his pistol permit would be revoked. They also threatened that he would not get to see his daughter go to school the next day.

27. Given DA Czajka's involvement and participation in the Men Outta Business investigation as reported by the Hudson Police Department just one month prior to the arrest, it is upon information and belief that the officers were telling Mr. Ryder the truth that DA Czajka was waiting to hear about his lack of cooperation and planned on causing him to lose his job.

28. On October 29, 2021, at the behest of Defendants Finn, Burns and Tashjian, Mr. Ryder was arrested by Defendant Brennan Keeler at the State Police Barracks in Livingston, NY. Defendants Finn and Burns had been working together on Operation Men Outta Business and

were jointly responsible for other arrests as well as Mr. Ryder's.

29. Defendant Sr. Investigator David Jimenez was the supervisor who signed off on Defendant Keeler's arrest paperwork. As such, Jimenez was in a position to know the utter lack of evidence the arrest was based on and in a position to prevent it but failed to do so.

30. That week his name appeared in a local newspaper stating that he had been arrested and charged with crimes.

31. He was charged with Attempted Sale of a Firearm, a felony, and a misdemeanor related conspiracy charge. The criminal charging documents were written and signed by Defendant Burns.

32. There was no probable cause or any reasonable suspicion to arrest and charge Mr. Ryder with any crime whatsoever. There was no evidence against him in support of the arrest and charges whatsoever.

33. On November 4, 2021, due to his false arrest and the false and malicious charges initiated against him, Mr. Ryder's pistol license was suspended, and he was forced to divest himself of his legally obtained and possessed firearms to law enforcement officials.

34. Over the course of more than one year, Mr. Ryder was forced to report to court for multiple appearances to defend himself against false charges. These court dates were disruptive to his life and mental well-being. Nevertheless, he continued in his employment routinely over the course of the year after his arrest.

35. However, on or about October 27, 2022, April DeLaurentis, an employee of Columbia County, called Mr. Ryder into her office. Mr. Ryder was given a letter by her stating that he was being placed on leave.

36. On or about November 3, 2022, Mr. Ryder was called into the office of Michaele

Williams-Riordan, another Columbia County employee. She told Mr. Ryder that she had received information from the District Attorney's Office about the substance of his wiretapped communications. Ms. Williams-Riordan also said that he must resign or contest a termination hearing. If he chose the termination hearing, his private communications would become a part of the hearing record and further, they would contest his right to receive unemployment compensation. He had just a couple of days to decide.

37. Under the duress and coercion created by the illegal disclosure of Mr. Ryder's wiretapped communications by the District Attorney's Office and the illegal use of it by the County Human Resources Department, Mr. Ryder resigned from the job he loved and performed so well for the people of Columbia County.

38. On November 7, 2022, Mr. Ryder's attorney filed an Order to Show Cause to dismiss the criminal charges against him. On December 12, 2022, the District Attorney's Office admitted to having no good faith basis to oppose dismissal; and on December 16, the charges were dismissed.

39. On January 6, 2023, Mr. Ryder wrote to Columbia County asking for his resignation to be rescinded and to be restored to his former position. He has received no response.

40. On February 2, 2023, Mr. Ryder served a Notice of Claim on the County of Columbia and the City of Hudson. More than 30 days have passed, and no settlement has been proffered or reached.

41. At all times during the events described above, the Defendant law enforcement officials were engaged in a joint venture and formed an agreement to violate Plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their presence and support and the authority of their office to each other during said events. They

failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

42. During all of the events described above, Defendants acted maliciously and with intent to injure Plaintiff.

43. As a direct and proximate result of the acts of Defendants, Joshua Ryder suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b. Pain and suffering;

    c. Economic and special damages, including lost wages and future income and loss of employment;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety;

    e. Loss of pistol license and expenses to regain the license;

    f. Reputational harm; and

    g. Loss of liberty.

**FIRST CAUSE OF ACTION**
(18 USC §2520 – UNLAWFUL DISCLOSURE AND USE OF EAVESDROPPING INFORMATION AS TO THE DEFENDANTS DISTRICT ATTORNEY'S OFFICE, COUNTY OF COLUMBIA, PAUL CZAJKA, AND JOHN DOE ##1-10)

44. The above paragraphs are here incorporated by reference.

45. Joshua Ryder was the subject of the eavesdropping of his private, personal communications by Defendants Finn, Burns, Tashjian, the District Attorney's Office, Hudson Police Department, New York State Police and John Doe ##1-10.

46. Defendants District Attorney's Office and Paul Czajka willfully disclosed information contained in eavesdropped recordings of communications between Joshua Ryder and others to

Michaele Williams-Riordan and Defendant County of Columbia with the intent to adversely affect Ryder's employment with the County.

47. Michaele Williams-Riordan and the Defendant County of Columbia willfully used the eavesdropped information, unlawfully and willfully disclosed to it, by coercing the resignation of Joshua Ryder from his employment.

48. The disclosure and use are not permitted by 18 USC § 2517.

49. The disclosure is therefore in violation of 18 USC § 2520(g).

50. The unlawful, willful disclosure and use of eavesdropped information procured from Ryder's personal and private communications has caused damage to Ryder.

51. Less than two years have elapsed since Joshua Ryder had reasonable notice of the fact of the unlawful disclosure and use of information connected to the eavesdropping of Ryder.

**SECOND CAUSE OF ACTION**
(42 USC § 1983 – FALSE ARREST AND FALSE IMPRISONMENT
AS TO DEFENDANTS FINN, BURNS, KEELER, TASHJIAN AND JIMENEZ)

52. The above paragraphs are here incorporated by reference.

53. Defendants acted under color of law and conspired to deprive Joshua Ryder of civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, Ryder's right to be free from false arrest and imprisonment, when they caused Ryder to be detained and imprisoned without probable cause or reasonable suspicion, or failed to intercede in the preventable and obvious violation of his rights under the Fourth Amendment to the United States Constitution and are liable to him under 42 U.S.C. §1983.

54. Ryder was aware of his confinement and did not consent to it.

55. Ryder has been damaged as a result of Defendants' wrongful acts.

## THIRD CAUSE OF ACTION
(42 USC §1983 -MALICIOUS PROSECUTION AS TO DEFENDANTS FINN, BURNS, KEELER, TASHJIAN AND JIMENEZ)

56. The above paragraphs are here incorporated by reference.

57. Defendants acted under color of law to deprive Joshua Ryder of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, Ryder's right to be free from malicious prosecution when they initiated and continued and/or assisted in initiating a criminal prosecution against him by causing the filing false accusatory instruments against him and/or failed to intervene despite having opportunity to do so in the obviously unconstitutional actions.

58. Defendants did not have probable cause to prosecute Ryder.

59. Defendants acted with malice in prosecuting Ryder. Their malice is evidenced in part by the fact that these Defendants and their law enforcement agencies used the prosecution to coerce Mr. Ryder into giving information in connection with their failed "Men Outta Business" investigation and to threaten his employment.

60. Each Defendant participated in the "Men Outta Business" investigation which proffered false and misleading evidence against other innocent civilians or failed to intervene in the obviously unconstitutional prosecutions.

61. The District Attorney's Office ultimately declined to challenge Ryder's Motion to Dismiss the criminal charges against him, admitting "there is no good faith defense to this application."

62. Joshua Ryder has been damaged as a result of Defendants' wrongful acts.

## FOURTH CAUSE OF ACTION
(42 USC §1983 -- DEPRIVATION OF THE RIGHT TO A FAIR TRIAL AGAINST DEFENDANTS FINN, BURNS, KEELER, TASHJIAN AND JIMENEZ)

63. The above paragraphs are here incorporated by reference.

64. Defendants knowingly forwarded false information to prosecutors (verbally and in written reports), that Ryder attempted to purchase an illegal firearm with the intent to distribute it to a third party and further conspired with another to obtain an illegal firearm to distribute it to a third party and/or failed to intervene in such unconstitutional actions despite having the opportunity to do so.

65. The forwarding of the false information to the Columbia County District Attorney's Office violated Joshua Ryder's right to a fair prosecution and his right to a fair trial.

66. Joshua Ryder has been damaged as a result of Defendants' wrongful acts.

## FIFTH CAUSE OF ACTION
(TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AS TO DEFENDANTS DISTRICT ATTORNEY PAUL CZAJKA AND THE OFFICE OF THE COLUMBIA COUNTY DISTRICT ATTORNEY)

67. The above paragraphs are here incorporated by reference

68. Plaintiff had an ongoing business relationship with Columbia County and its Department of Social Services under an Agreement of continuing employment and collective bargaining agreement.

69. These Defendants interfered with Plaintiff's business relationship with Columbia County.

70. Defendants interfered with Plaintiff's business relationship for a wrongful purpose, to wit, retribution for his "lack of cooperation" in Defendants failed Men Outta Business investigation.

71. Defendants interfered with Plaintiff's business relationship using improper and unlawful means by disclosing the private communications of Plaintiff to his Columbia County employer, in violation of 18 USC § 2517.

72. The Defendants acts injured Plaintiff's contractual relationship with his employer by causing his employer to exert undue and unlawful coercion on him to resign.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

    A.    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.    Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

    C.    Awarding Plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    New York, New York
               August 30, 2023

TO:    ALL NAMED DEFENDANTS    Yours, etc.,

/s/
Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
5030 Broadway, Ste. 652
New York, NY 10034
(718) 852-3710
lglickman@stollglickman.com